UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDERSON JOSEPH,

                        Plaintiff,

                                  **MEMORANDUM & ORDER**
        - against -                21-CV-3869 (PKC) (PK)

JRF INCOME TAX BUSINESS SERVICES,

                        Defendant.
--------------------------------------------------------x

ANDERSON JOSEPH,

                        Plaintiff,

        - against -                21-CV-3870 (PKC) (PK)

McDONALD'S RESTAURANT,

                        Defendant.
--------------------------------------------------------x

ANDERSON JOSEPH,

                        Plaintiff,

        - against -                21-CV-3872 (PKC) (PK)

NORTH SHORE UNIVERSITY HOSPITAL,

                        Defendant.
--------------------------------------------------------x

ANDERSON JOSEPH,

                        Plaintiff,
                                    21-CV-3873 (PKC) (PK)
        - against -

SOCIAL SECURITY OFFICE,

                        Defendant.

---------------------------------------------------x

ANDERSON JOSEPH,

         Plaintiff,        21-CV-3874 (PKC) (PK)

    - against -

T-MOBILE,

         Defendant.
---------------------------------------------------x

ANDERSON JOSEPH,

         Plaintiff,

    - against -        21-CV-3876 (PKC) (PK)

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE,

         Defendant.
---------------------------------------------------x
ANDERSON JOSEPH,

         Plaintiff,

    - against -        21-CV-3877 (PKC) (PK)

GREAT NECK PLAZA VILLAGE OF,

         Defendant.
---------------------------------------------------x

ANDERSON JOSEPH,

         Plaintiff,

    - against -        21-CV-3878 (PKC) (PK)

HELP TO ADJUST COUNSELING, ANGER
MANAGEMENT,

         Defendant.

-------------------------------------------------------x

ANDERSON JOSEPH,

       Plaintiff,        21-CV-3879 (PKC) (PK)

    - against -

NEW YORK STATE INSURANCE FUND,

       Defendant.
-------------------------------------------------------x

ANDERSON JOSEPH,

        Plaintiff,

    - against -        21-CV-3880 (PKC) (PK)

CAPITAL ONE BANK,

        Defendant.
-------------------------------------------------------x

ANDERSON JOSEPH,

        Plaintiff,

    - against -        21-CV-3881 (PKC) (PK)

CHARRA NALINI,

       Defendant.
-------------------------------------------------------x

ANDERSON JOSEPH,

        Plaintiff,

    - against -        21-CV-3882 (PKC) (PK)

CTOWN SUPERMARKET,

       Defendant.

-------------------------------------------------------x

ANDERSON JOSEPH,

                Plaintiff,

                                                    21-CV-3883 (PKC) (PK)

        - against -

LANTERN DINER,

                Defendant.

-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Anderson Joseph filed these 13 *pro se* actions on June 8, 2021 under 42 U.S.C. § 1983 ("Section 1983").[1]  The actions are consolidated solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted. For the reasons discussed below, all 13 Complaints are dismissed.

---

[1] The Court notes that in recent months, Plaintiff has filed more than 20 other cases against various individuals, organizations, and entities, all but one of which was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-CV-1685 (PKC) (PK); *Joseph v. Legal Aid Soc'y*, No. 21-CV-1686 (PKC) (PK); *Joseph v. N.Y.C. Police Dep't*, No. 21-CV-1687 (PKC) (PK); *Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Dep't of Probation*, No. 21-CV-1689 (PKC) (PK); *Joseph v. Nassau Cnty. Probation*, No. 21-CV-1690 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. MTA NYC Transit*, No. 21-CV-1696 (PKC) (PK); *Joseph v. Stark*, No. 21-CV-2136 (PKC) (PK); *Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-CV-2137 (PKC) (PK); *Joseph v. Mount Sinai Queens*, No. 21-CV-2139 (PKC) (PK); *Joseph v. NYU Langone Med. Bus. Off.*, No. 21-CV-2140 (PKC) (PK); *Joseph v. Queens Hosp. Ctr.*, No. 21-CV-2141 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK); *Joseph v. TD Bank*, No. 21-CV-2811 (PKC) (PK); *Joseph v. Ridgewood Sav. Bank*, No. 21-CV-2812 (PKC) (PK); *Joseph v. CMJ Mgmt. Inc.*, No. 21-CV-2813 (PKC) (PK); *Joseph v. Chase Bank*, No. 21-CV-2814 (PKC) (PK); *Joseph v. Bank of Am.*, No. 21-CV-2816 (PKC) (PK).

## LEGAL STANDARD

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the compliant are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations."). "If [a] liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## BACKGROUND

In his Complaint against **JRF Income Tax Business Services ("JRF")**, Plaintiff alleges that on February 21, 2020, he called JRF to inquire about his income taxes and spoke with Mr.

Joseph Francois, who "d[id]n't have any information about either [Plaintiff] or [his] wife," prompting Plaintiff to ask Mr. Francois if he "has a license to do taxes[.]" (No. 21-CV-3869, Dkt. 1, at 3–4.) Plaintiff alleges that Mr. Francois became "mad" and cursed at him. (*Id.* at 4.) As a result, Plaintiff "felt disrespect and discrimination at the same time" and noted that Mr. Francois's "office is too small for business." (*Id.*) Plaintiff claims that he felt stressed and sad, and he seeks $3 million in monetary damages for pain and suffering. (*Id.* at 4–5.)

In his Complaint against **McDonald's Restaurant**, Plaintiff alleges that on May 19, 2016, he went to a McDonald's location in West Hempstead, New York and discovered that "the McDonalds [was] using [his] ideas from [a previous] complaint, things like breakfast all day and a better customer service because before the customer service was very bad." (No. 21-CV-3870, Dkt. 1, at 3–4.) Plaintiff alleges that he was verbally abused and "discriminated for no reason." (*Id.* at 4.) Plaintiff alleges that he felt depressed and sad, and he seeks unspecified monetary damages for discrimination and pain and suffering. (*Id.* at 4–5.)

In his Complaint against **North Shore University Hospital ("North Shore")**, located in Manhasset, New York, Plaintiff alleges that while in police custody on December 6, 2013, he was taken to the North Shore emergency department for treatment to a cut on his right hand. (No. 21-CV-3872, Dkt. 1, at 3–4.) Plaintiff alleges that his injury required surgery, but that the doctor did not give him anesthesia, so he "felt the sensation of the pain very badly" and "after the surgery [he] kept on giving blood until [he] arrive[d] to Rikers Island." (*Id.* at 4.) Plaintiff alleges that he suffered from "injuries, stressful depression[,] and sleep disorder," and he seeks $500 million in damages for pain and suffering. (*Id.* at 4–5.)

In his Complaint against the **"Social Security Office,"** Plaintiff alleges that on May 23, 2016, March 19, 2021, and other occasions, the Social Security Office discriminated against and disrespected him. (No. 21-CV-3873, Dkt. 1, at 3–4.) Plaintiff alleges that he experienced bad

customer service, including waiting "1 to 2 hours over the phone" before being informed that he did not qualify for benefits and waiting "for 8 hours" at the office without anyone serving him. (*Id.* at 3–4.)  Plaintiff alleges that he experienced depression and pain, and he seeks unspecified money damages.  (*Id.* at 4–5.)

In his Complaint against **T-Mobile**, Plaintiff alleges that during a phone call on May 19, 2016, T-Mobile customer service "treat[ed] [him] as [he] sa[id] in [his previous] complaint and us[ed] [his] idea for a better service and [he] need[s] to get paid for that."  (No. 21-CV-3874, Dkt. 1, at 3–4.)  Plaintiff alleges that he experienced depression, stress, and emotional pain, and he seeks unspecified money damages for discrimination and pain and suffering. (*Id.* at 4–5.)

In his Complaint against the **Department of Treasury Internal Revenue Service ("IRS")**, Plaintiff alleges that since 2012, a Florida-based company did his taxes, so he is not responsible for them, and "any time [he] called IRS over the phone the agents disrespected [him] because they d[idn]'t have any answers for [him]."  (No. 21-CV-3876, Dkt. 1, at 4.)  Plaintiff alleges that the IRS charged him $5,000 to "pay back," made him wait "1 to 2 hours" on the phone, and "abuse[d] [him] verbally [and he] felt discriminated and [dis]respted." (*Id.*)  Plaintiff alleges that felt depression and stress, and he seeks $100 million in damages for pain and suffering.  (*Id.* at 4–5.)

In his Complaint against **"Great Neck Plaza Village Of"[2] ("Great Neck")**, Plaintiff alleges that on August 10, 2016, he was verbally abused and "discriminated at work as a community organizer" because a driving instructor for the "city government office in Great Neck hung up the phone in [his] face several times" when he was "telling them . . . that [Great Neck] was not safe to drive."  (No. 21-CV-3877, Dkt. 1, at 3–4.)  Plaintiff alleges that he felt depressed

---

[2]  The Village of Great Neck is located in Nassau County, New York. *See* https://www.greatneckvillage.org/ (last visited July 27, 2021).

and verbally abused, and he seeks unspecified money damages for discrimination and pain and suffering.  (*Id.* at 4–5.)

In his Complaint against **Help to Adjust, Anger Management ("Help to Adjust")**, a private counseling center,[3] Plaintiff alleges that his probation officer sent him for weekly counseling sessions, including on June 29, 2017, where the counselor asked questions about his life and December 6, 2013 arrest, and he was required to get drug tested.  (No. 21-CV-3878, Dkt. 1, at 3–4.)  Plaintiff states that he "felt discriminated [against] because [the counselor] was using [him] to better her job position and [he] didn't get paid for it[,] and after her interview with [him], [he] always felt dizziness and emotional stress."  (*Id.* at 4.)  Plaintiff alleges that he felt stress, and he seeks $3 million in damages for pain and suffering.  (*Id.* at 5.)

In his Complaint against **New York State Insurance Fund ("NYSIF")**, Plaintiff alleges that on June 6, 2016 and April 28, 2021, he was discriminated against and verbally abused over the phone by an NYSIF employee, who denied him information.  (No. 21-CV-3879, Dkt. 1, at 3–4.)  Plaintiff alleges that he felt depression, stress, and emotional pain, and he seeks unspecified money damages for discrimination and pain and suffering. (*Id.* at 4–5.)

In his Complaint against **Capital One Bank ("Capital One")**, Plaintiff alleges that from 2015 until April 9, 2021, including on November 5, 2020, "Capital One Bank [was] always changing [his] balance and took [his] money illegally."  (No. 21-CV-3880, Dkt. 1, at 3–4.)  Plaintiff alleges that he called customer service to "let them know" and they made him wait "a good 1 to 2 [hours]" and "discriminate[d] [against him] over the phone."  (*Id.* at 4.)  Plaintiff alleges that he

---

[3] Help to Adjust is a counseling center that offers general therapy, marriage and relationship counseling, and anger management counseling.  *See* Help to Adjust Counseling & Anger Management, http://www.valleystreamtherapist.com/ (last visited on July 27, 2021).

felt depression and stress, and he seeks $500 million in money damages for discrimination and pain and suffering.  (*Id.* at 4–5.)

In his Complaint against **Charra Nalini**, Plaintiff alleges that he was injured in a car accident while he was a driving instructor at Nalini's driving school, and that on May 26, 2016, Nalini, "refused to give [him] information about [] car insurance." (No. 21-CV-3881, Dkt. 1, at 3–4.)  Plaintiff also alleges that he called Nalini to ask for his last paycheck, but she hung up on him. (*Id.* at 4.)  Plaintiff seeks unspecified money damages for pain and suffering. (*Id.* at 5.)

In his Complaint against **CTown Supermarket ("CTown")**, Plaintiff alleges that on June 9, 2021,[4] employees at a CTown located in Jamaica, New York, verbally abused, threatened, and treated him badly, prompting Plaintiff to call the police "for discrimination."  (No. 21-CV-3882, Dkt. 1, at 3–4.)  Plaintiff alleges that he felt stress and "emotional injury" and that CTown "need[s] to stop experiments on [him]."  (*Id.*)  Plaintiff seeks $500 million in money damages for discrimination.  (*Id.* at 5.)

Finally, in his Complaint against **Lantern Diner**, located in West Hempstead, New York, Plaintiff alleges that on June 6, 2016, he "went to Lantern Diner and [] saw the Diner servers treat [him] as [he said] in [his] complaint, but the Diner us[ed] [his] idea and [he] need monetary [sic] for it." (No. 21-CV-3883, Dkt. 1, at 3–4.)  Plaintiff attaches materials related to a state court action in which he alleges Lantern Diner discriminated against him.  (Dkt. 1-2.)  Plaintiff alleges that he felt depression and stress, and he seeks unspecified money damages for discrimination and pain and suffering.  (No. 21-CV-3883, Dkt. 1, at 4–5.)

---

[4] The Court notes that this action was filed on June 8, 2021, the day *before* this alleged event.

**DISCUSSION**

I.     **42 U.S.C. § 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).  However, the Second Circuit has identified three main tests for determining when the actions of a "nominally private entity are attributable to the state" for purposes of Section 1983 liability:

> (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state ("the public function test").

*Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (alteration in original) (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)).  "The fundamental

question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (citations omitted).

Here, Plaintiff's claims against JRF, McDonald's, North Shore, T-Mobile, Help to Adjust, Capital One, Charra Nalini, CTown and Lantern Diner fail because they are all private entities beyond the reach of Section 1983 liability. Plaintiff does not allege that any of these entities acted under color of state law, and there are no facts in the Complaints that demonstrate, even on a liberal reading, that the actions of these Defendants may be "fairly attributable" to the state. Therefore, the Complaints must be dismissed. *See Boothe v. Rossrock Funds II LP*, No. 16-CV-900 (PKC), 2017 WL 2271360, at *8 (E.D.N.Y. May 23, 2017) (dismissing Section 1983 claims against private corporations, including a bank, because none were "State actors for purposes of 42 U.S.C. § 1983" and the amended complaint "utterly fail[ed] to allege that [the] [d]efendants' actions are attributable to the State" (citation omitted)); *Anthony v. Med. Staff at Inst.*, 409 F. Supp. 3d 102, 105 (E.D.N.Y. 2016) ("A private hospital is generally not considered a state . . . actor.") (collecting cases); *Schneiderman v. N. Shore Univ. Hosp.*, No. 13-CV-5939, 2013 WL 6564184, at *2 (E.D.N.Y. Dec. 11, 2013) ("North Shore University Hospital is a private hospital facility.")[5]; *Brown v. Chase Bank*, No. 13-CV-5309 (WFK) (LB), 2013 WL 5537302, at *2 (E.D.N.Y. Oct. 7, 2013) (dismissing complaint against private corporations, including banks, and private individuals who "do not act under color of state law within the meaning of 42 U.S.C. § 1983"); *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) ("[P]rivate actors and institutions, such as the hospitals, . . . named as defendants in [the plaintiff]'s original complaint,

---

[5] North Shore is part of the Northwell Health system and is the teaching hospital for the Donald and Barbara Zucker School of Medicine at Hofstra/Northwell. *See* About Us, https://nsuh.northwell.edu/about (last visited July 27, 2021).

are generally not proper § 1983 defendants because they do not act under color of state law." (citing *Sullivan,* 526 U.S. at 49–50)).

Furthermore, Plaintiff does not provide any facts to support his conclusory allegations of discrimination by these Defendants.  A complaint that offers nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or that "tenders naked assertions devoid of further factual enhancement" is insufficient.  *Iqbal*, 556 U.S. at 678 (alteration, internal quotation marks, and citations omitted).  Accordingly, even on a liberal reading, these 13 Complaints must also be dismissed for failing to state a claim.

In addition, Plaintiff's medical malpractice claim against North Shore fails because the Court does not have jurisdiction over this state law claim.  "A claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician.'"  *Sha v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 99-CV-3233 (AKH), 2000 WL 1760883, at *1 (S.D.N.Y. Nov. 30, 2000) (quoting *Weiner v. Lenox Hill Hospital,* 673 N.E.2d 914 (1996)), *aff'd sub nom. Sha (Engelhardt) v. Mem'l Sloan Kettering Cancer Ctr.*, 29 F. App'x 788 (2d Cir. 2002).  Plaintiff's Complaint against North Shore relates to medical treatment provided to him and therefore can be read as a claim for medical malpractice.  Medical malpractice claims "arise under state law, and a federal court generally will not have original jurisdiction over the[se] claims unless complete diversity exists," meaning "no plaintiff and no defendant are citizens of the same state."  *Urena v. Wolfson*, No. 09-CV-1107 (KAM) (LB), 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010).  Here, Plaintiff and North Shore are both citizens of New York; thus complete diversity and diversity jurisdiction do not exist.  *See* 28 U.S.C. § 1332.

Finally, Plaintiff's actions against the Social Security Office, IRS, Great Neck, and NYSIF must be dismissed because allegations that Plaintiff was treated poorly, disrespected, or received

bad customer service simply do not rise to the level of federal constitutional or statutory violations. Furthermore, Plaintiff does not provide any facts to support his conclusory allegations of discrimination by these Defendants.  As previously stated, a complaint that offers nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or that "tenders naked assertions devoid of further factual enhancement" is insufficient.  *Iqbal*, 556 U.S. at 678 (alteration, internal quotation marks, and citations omitted).  Accordingly, even on a liberal reading, these Complaints must be dismissed for failing to state a claim upon which relief can be granted.

## II.     Denial of Leave to Amend

The Court has a duty to give a *pro se* plaintiff the opportunity to amend his complaint if a "liberal reading of the complaint 'gives any indication that a valid claim might be stated[.]'" *Nelson-Charles*, 2019 WL 1675999, at *2 (quoting *Cuoco*, 222 F.3d at 112).  However, where it would be futile to do so because the claims are fundamentally invalid, the Court may deny the plaintiff this opportunity.  *See Cuoco*, 222 F.3d at 112 ("The problem with [the plaintiff]'s causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile."); *accord Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order).  The Court finds that it would be futile to allow Plaintiff to re-plead the claims asserted in these 13 actions, and therefore declines to grant him the opportunity to file amended complaints in any of these actions.

## III.    Filing Injunction

The federal courts have limited resources.  Frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice.  "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and

their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted).

In light of Plaintiff's litigation history, which includes, to date, the filing of over 33 complaints, all but one of which have been dismissed *sua sponte*, he is ORDERED TO SHOW CAUSE by written Affirmation, **within 14 days** of the entry of this Order, why he should not be barred from filing any future IFP actions in the United States District Court for the Eastern District of New York without first obtaining permission from the Court to do so.

If Plaintiff fails to show cause **within 14 days** of the entry of this Order, or should Plaintiff's affirmation fail to set forth good cause why an injunction should not be entered, Plaintiff will be barred from filing any further IFP actions in this Court without first obtaining permission from the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." (citation omitted)); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

The Complaints filed in the above-captioned 13 cases are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is ORDERED TO SHOW CAUSE by written Affirmation, **within 14 days** of the entry of this Order, why he should not be barred from filing any further *in forma pauperis* actions in this Court without first obtaining permission from the Court to do so. Plaintiff is directed to file only one Affirmation in response to the Court's order to show cause and should reference the following case number on the face of the Affirmation: 21-CV-3869.

All further proceedings shall be stayed until Plaintiff's time to file his written Affirmation has expired.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 10, 2021
Brooklyn, New York

15